**ORIGINAL**

FILED

2008 AUG 13  AM 11: 39

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  SEYFARTH SHAW LLP
   Lorraine H. O'Hara (State Bar No. 170153)
2  lohara@seyfarth.com
   Joshua A. Rodine (State Bar No. 237774)
3  jrodine@seyfarth.com
   2029 Century Park East, Suite 3300
4  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
5  Facsimile: (310) 201-5219

6  Attorneys for Defendant
   ALLIED WASTE SYSTEMS, INC. dba ALLIED WASTE SERVICES OF CHULA VISTA
7  (erroneously named "Allied Waste Services of Chula Vista")

8                                          '08 CV 1473 WQH AJB

9            UNITED STATES DISTRICT COURT

10       SOUTHERN DISTRICT OF CALIFORNIA    **BY FAX**

11  MARCO ANTONIO VAZQUEZ, an          )  Case No.
    individual,                        )
12                                     )  **NOTICE OF REMOVAL**
               Plaintiff,              )
13                                     )  (San Diego County Superior Court Case No.
         v.                            )  37-2008-00071315-CU-OE-SC)
14                                     )
    ALLIED WASTE SERVICES OF CHULA     )  Complaint Filed: June 25, 2008
15  VISTA, a form of business entity unknown; and )  Complaint Served: July 15, 2008
    DOES 1 through 20, Inclusive,      )
16                                     )
               Defendants.            )
17  _____ )

18

19

20       TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT

    OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

21       PLEASE TAKE NOTICE that Defendant Allied Waste Systems, Inc. dba Allied Waste

22  Services of Chula Vista (erroneously named "Allied Waste Services of Chula

23  Vista")("Defendant") hereby files this notice of removal pursuant to 28 U.S.C. sections 1331,

24  1332, 1367, 1441 and 1446 in order to effect the removal of the above-captioned action, which

25  was commenced in the Superior Court of the State of California in and for the County of San

26  Diego, and state that the removal is proper for the following reasons:

27

28

LAI 6718076.1                   NOTICE OF REMOVAL

**TIMELINESS OF REMOVAL**

1.    On June 25, 2008, Plaintiff Marco Antonio Vazquez ("Plaintiff") filed a Complaint against Defendant Allied Waste Systems, Inc. dba Allied Waste Services of Chula Vista (erroneously named "Allied Waste Services of Chula Vista"), and DOES 1 through 20 in the Superior Court of the State of California, County of San Diego, Case No. 37-2008-00071315-CU-OE-SC ("Complaint").

2.    Defendant first received the Summons and Complaint when it was served on July 15, 2008. A true and correct copy of the Summons and the Complaint is attached hereto as Exhibit "A."

3.    This Notice of Removal is timely as it is filed within thirty (30) days of the receipt by a defendant of a copy of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b).

**FEDERAL QUESTION JURISDICTION**

**BASED ON SECTION 301 PREEMPTION**

4.    Federal question jurisdiction arises out of the fact that Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("Section 301"). 29 U.S.C. § 185. Section 301 provides that: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000), *reh'g denied* 281 F.3d 801 (9th Cir. 2002).

5.    Further, all state law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms

1  of the agreement." *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see*

2  *also Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section

3  301 is one of "only two areas in which the Supreme Court has found that Congress intended

4  completely to replace state law with federal law for purposes of federal jurisdiction.").

5        6.    Section 301 has specifically been held to preempt California state law claims that

6  are substantially dependent upon interpretation of a CBA. *Firestone*, 219 F.3d at 1066-67. This

7  is so even where the interpretation was required to evaluate the employer's defense to a

8  plaintiffs' state law causes of action. *See Audette v. International Longshoremen's and*

9  *Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999) (civil rights claim preempted

10  where interpretation of agreement was required in evaluating employer's defense that it had a

11  legitimate non-business reason for its actions).

12        7.    As a member of Building Material, Construction, Industrial, Professional and

13  Technical Teamsters, Local No. 36, affiliated with The International Brotherhood of Teamsters

14  ("Union"), Plaintiff's employment was governed by the CBA between Defendant and the Union.

15  The CBA governs issues relating to discharge, scheduling, and grievances, among other things.

16  Specifically, the CBA provides that Defendant may discharge employee members of the Union

17  for "sufficient and proper cause." Therefore, resolution of the propriety of Plaintiff's claims of

18  wrongful discharge necessarily demands interpretation of the CBA.

19        8.    The fact that Plaintiff avoided referencing his CBA in the Complaint does not

20  preclude removal on the basis of Section 301 preemption when the resolution of the Plaintiff's

21  claims turns on interpretation of provisions in the CBA. *See Audette v. International*

22  *Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999) (civil rights

23  claim preempted where interpretation of agreement was required in evaluating employer's

24  defense that it had a legitimate non-business reason for its actions); *Young v. Anthony's Fish*

25  *Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The district court . . . properly looked beyond

26  the face of the complaint to determine whether the contract claim was in fact a section 301 claim

27  for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction.");

28

LAI 6718076.1

NOTICE OF REMOVAL

1   *Schroeder v. Trans World Airlines, Inc.*, 702 F. 2d 189, 191 (9th Cir. 1983) ("Artful pleading by

2   the plaintiff will not be allowed to conceal the true nature of the complaint.").

3           9.    Plaintiff alleges that he was wrongfully terminated, and suffered lost wages and

4   employment benefits as a result. (Compl., ¶¶ 16, 80, and 89). In his Seventh Cause of Action,

5   Plaintiff alleges that Defendant's conduct intentionally and negligently caused him emotional

6   distress. (Compl., ¶¶ 77-78 and 86-87). Such claims implicate the CBA as Defendant's defense

7   of these claims is inextricably intertwined with an interpretation of the rights and obligations of

8   the Union and of Plaintiff as set forth in the CBA. *Chmiel v. Beverly Wilshire Hotel Co.*, 873

9   F.2d 1283 (9th Cir. 1989) (Section 301 preempts intentional infliction of emotional distress

10  claims brought by employee covered by a collective bargaining agreement).

11          10.    Plaintiff's bases his Fourth Cause of Action (failure to accommodate) on his

12  allegations that Defendant "failed and refused to change Plaintiff's work schedule" and that

13  certain scheduling changes "require[d] Plaintiff to work the day shift and also a portion of the

14  night shift." (Compl., ¶¶ 13 and 15). Such claims also implicate the CBA as the defense of these

15  claims is inextricably intertwined with an interpretation of the CBA. *See Audette*, 195 F.3d at

16  1113.

17                                  **DIVERSITY JURISDICTION**

18          11.    The Court has original jurisdiction of this action under 28 U.S.C. section

19  1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C.

20  Section 1441(a) as the amount in controversy is in excess of Seventy-Five Thousand Dollars

21  ($75,000), exclusive of interest and costs, and is between citizens of different states.

22                             **PLAINTIFF'S CITIZENSHIP**

23          12.    Plaintiff alleges in his Complaint that he "is, and all times herein mentioned was,

24  an individual residing in the County of San Diego." (Compl., ¶ 1). For diversity purposes, a

25  person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*,

26  704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his

27  domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

28

1

2

3
### DEFENDANT'S CITIZENSHIP

4
13.    **Defendant's Citizenship.**  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall

5
be deemed to be a citizen of any State by which it has been incorporated and of the State where it

6
has its principal place of business."  Plaintiff alleges that "Allied Waste Services of Chula Vista"

7
was his employer, and that the form of that entity is unknown to Plaintiff.  (Compl., ¶ 2).  Allied

8
Waste Services of Chula Vista is a dba of Allied Waste Systems, Inc., which is the legal entity

9
that employed Plaintiff.  Defendant is now, and at all times since the commencement of this

10
action has been, a corporation incorporated under the laws of the State of Delaware, with its

11
principal place of business in the State of Arizona.

12
14.    **Doe Defendants' Citizenship.**  Pursuant to 28 U.S.C. section 1441(a), the

13
residence of fictitious and unknown defendants should be disregarded for purposes of

14
establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals Co.*,

15
615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed defendants sued as "DOES" are not required to

16
join in a removal position).  Thus, the existence of Doe defendants 1 through 20, inclusive, does

17
not deprive this Court of jurisdiction.

18
### AMOUNT IN CONTROVERSY

19
15.    While Defendant denies any liability as to Plaintiff's claims, the amount in

20
controversy requirement is satisfied because it is "more likely than not" that the amount in

21
controversy exceeds the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

22
398, 404 (9th Cir. 1996).  Here, the damages requested by Plaintiff "more likely than not" exceed

23
$75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

24
16.    **Damages.**  Plaintiff's Prayer for Relief seeks recover for compensatory, general,

25
and special damages.  (Compl., p. 13, ¶ 1).  Plaintiff also seeks emotional distress damages.

26
(Compl., ¶¶ 27, 38, 49, 59, 68, 81, and 90).

27

28

### NOTICE OF REMOVAL

17.    **Attorneys' Fees and Punitive Damages.** Plaintiff also claims he is entitled to attorneys' fees and punitive damages. (Compl., ¶¶ 28, 39, 50, 60, 69, 82, and 91, and p. 13 ¶¶ 2-3). Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *See, e.g., Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). In addition, punitive damages must be taken into account for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). In this case, the California Fair Employment and Housing Act allows for the recovery of punitive damages. *See Weeks v. Baker & McKenzie,* 63 Cal. App. 4th 1128, 1137 (1998).

18.    Because diversity of citizenship exists between the Plaintiff and Defendant, and the matter in controversy between them is in excess of Seventy-Five Thousand Dollars ($75,000), this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

## VENUE

19.    Venue lies in the Central District of this Court pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(d). This action originally was brought in the Superior Court of the State of California, County of San Diego, and the Plaintiff resides in the County of San Diego, California. (Compl., ¶ 1).

## NOTICE OF REMOVAL

20.    This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

21.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto as Exhibit A, which includes the Summons for Defendant, the Complaint, and Defendant's Answer.

1    WHEREFORE, Defendant prays that this civil action be removed from the Superior

2  Court of the State of California, County of San Diego to the United States District Court for the

3  Southern District of California.

4

5  DATED: August 12, 2008                          SEYFARTH SHAW LLP

6

7                                                  By_____

8                                                     Joshua A. Rodine
                                                   Attorneys for Defendant
9                                                  ALLIED WASTE SYSTEMS, INC. dba
                                                   ALLIED WASTE SERVICES OF CHULA
10                                                 VISTA (erroneously named "Allied Waste
                                                   Services of Chula Vista")
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1 6718076.1

NOTICE OF REMOVAL

**EXHIBIT A**

# Exhibit A

7-15-08
12:45 pm

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

08 JUN 25 AM 8: 32

CLERK ... ...
SAN DIEGO COUNTY CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLIED WASTE SERVICES OF CHULA VISTA, form of
business entity unknown; and Does 1 through 20,
Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARCO ANTONIO VAZQUEZ, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA<br>500 Third Avenue<br>Chula Vista, CA 91910<br>South Bay Judicial District | CASE NUMBER: 2008-00071315-CU-OE-SC<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DOUGLAS E. GEYMAN, ESQ.                    (619)232-3533    (619)232-3593
LAW OFFICE OF DOUGLAS E. GEYMAN
750 B Street, Suite 2635
SAN DIEGO, CA 92101

DATE: JUN 2 5 2008                    Clerk, by _V. LEARNED_____, Deputy
*(Fecha)*                             *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                    Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS**<br>Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |

[SEAL]

1  Douglas E. Geyman (SBN: 159417)
   LAW OFFICE OF DOUGLAS E. GEYMAN
2  750 B Street, Suite 2635
   San Diego, CA 92101
3  Telephone: (619) 232-3533

4  Attorney for Plaintiff MARCO ANTONIO VAZQUEZ

FILED
SOUTH
08 JUN 25 AM 8: 32
CLERK
SAN DIEGO COUNTY CA

5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF SAN DIEGO, SOUTH BAY DIVISION

10 | MARCO ANTONIO VAZQUEZ, an      )  Case No.:
      individual                    )              37-2008-00071315-CU-OE-SC
11 |                                )
                    Plaintiff,      )  Case Classification: General Civil
12 |                                )
      v.                            )  Complaint for:
13 |                                )
      ALLIED WASTE SERVICES OF      )  1)    Employment Discrimination - National
14 | CHULA VISTA, form of business  )        Origin;
      entity unknown; and Does 1 through 20, ) 
15 | Inclusive,                     )  2)    Employment Discrimination - Race;
                                    )
16 |              Defendants.       )  3)    Employment Discrimination - Mental
                                    )        Disability;
17 |                                )
                                    )  4)    Employment Discrimination - Failure to
18 |                                )        Accommodate Disability;
                                    )
19 |                                )  5)    Employment Discrimination -
                                    )        Harassment;
20 |                                )
                                    )  6)    Failure to Provide Meal Periods;
21 |                                )
                                    )  7)    Intentional Infliction of Emotional
22 |                                )        Distress; and
                                    )
23 |_____)  8)    Negligent Infliction of Emotional
                                             Distress.

24       COMES NOW Plaintiff MARCO ANTONIO VAZQUEZ ("VAZQUEZ" or

25  "Plaintiff"), and for causes of actions against Defendants, and each of them, alleges as

26  follows:

27  ////

28  ////

_____
                  Complaint for Damages
                          1

## I.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.     Plaintiff MARCO ANTONIO VAZQUEZ is, and at all times herein mentioned was, an individual residing in the County of San Diego.

2.     Defendant ALLIED WASTE SERVICES OF CHULA VISTA ("ALLIED" or "Defendant") is, and at all times herein mentioned was an entity, the form of which is unknown, doing business in the County of San Diego.

3.     Plaintiff is unaware of the true names and capacities of the defendants designated as DOES 1 through 20, inclusive, and therefore sues such defendants by their fictitious names. Plaintiff will seek leave of this Court, if required, to amend this complaint to allege their true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each and every defendant designated herein as a DOE is in some manner liable or responsible for the acts, occurrences and omissions hereinafter set forth, and the damages proximately caused thereby.

4.     Plaintiff is informed and believes, and thereupon alleges, that in acting, or failing to act, as hereinafter set forth, each and every defendant was acting as the agent, servant, employee, principal, master and employer of each remaining co-defendant, within the course and scope of such agency, servitude and employment, and with the express or implied consent, knowledge and ratification of each such remaining co-defendant.

5.     Plaintiff's national origin is Mexico.

6.     Plaintiff's racial heritage is Mexican.

7.     At all times herein relevant, Plaintiff was diagnosed and under a doctor's care for an anxiety disorder.

8.     In or about August of 1989, Plaintiff became employed with ALLIED as a Mechanic. In this position, Plaintiff's supervisor was a person known to Plaintiff as "Rob."

9.     Over the course of Plaintiff's employment with ALLIED, Plaintiff was repeatedly subjected to harsh, harassing, and disparaging remarks made by Rob related to Plaintiff's national origin and race.

---

**Complaint for Damages**

10.    Plaintiff was often not allowed to take lunch breaks during his employment with ALLIED.

11.    The constant barrage of harassing and abusive treatment perpetuated upon Plaintiff while in ALLIED's served to created an increasing hostile work environment.

12.    In or about August of 1998, Plaintiff was diagnosed and placed under a doctor's care for an anxiety disorder. As part of the prescribed treatment for Plaintiff's anxiety disorder, Plaintiff's doctor's requested that his work schedule be changed from the night shift to the day shift to better facilitate Plaintiff's treatment and recovery.

13.    In or about June of 2004, Plaintiff's doctor provided Plaintiff's with a letter directed to Robert Hustler ("Hustler"), ALLIED's manager, advising ALLIED that Plaintiff's was under a doctor's care for anxiety disorder, and requesting that Plaintiff work schedule be changed to the day shift to reduce the negative impact working nights had on Plaintiff's recovery. Plaintiff was otherwise willing and able to perform his normal job duties. Hustler failed and refused to changed Plaintiff's work schedule.

14.    In or about October of 2005, Plaintiff's doctor provided Plaintiff with a second letter directed to Hustler, advising ALLIED that Plaintiff was under a doctor's care for severe anxiety disorder, and requesting that Plaintiff be allowed to work the day shift to facilitate the treatment of Plaintiff's condition and for safety purposes.

15.    On or about November 3, 2005, Hustler called Plaintiff into his office and advised Plaintiff that certain adjustments would be made to his work schedule effective on or about November 7, 2005, however, the changes would now require Plaintiff to work the day shift and also a portion of the night shift. When Plaintiff protested these changes and reminded Hustler that ALLIED had failed to make changes to Plaintiff's work schedule when first requested almost a year and a half earlier, Hustler became upset. Hustler then told Plaintiff "I don't give a shit about your doctor's letter or your seniority." Hustler also told Plaintiff that he would do whatever he wanted to because he was the boss."

////
////

---

**Complaint for Damages**
3

16.   In or about May of 2006, Plaintiff was forced to take time off from work for treatment of his mental disability. Shortly thereafter, on or about November 30, 2006, ALLIED terminated Plaintiff's employment.

17.   Plaintiff believes, and thereon alleges, that ALLIED was motivated to discriminate against him, and to harass him, because of his national origin (Mexico), race (Mexican), mental disability (anxiety disorder).

18.   Plaintiff has exhausted his administrative requirements by timely filing charges against Defendants, and each of them, with the California Department of Employment and Fair Housing ("DFEH"), pursuant to the Fair Employment and Housing Act ("FEHA") as codified at California Government Code ("Cal. Gov. Code") § 12940, *et seq.* Plaintiff has been issued a "Right To Sue Letter", and timely files this action. Plaintiff, therefore, respectfully requests relief and judgment against Defendants, and each of them, as set forth below.

## II.

### FIRST CAUSE OF ACTION

#### Employment Discrimination - National Origin

19.   Plaintiff incorporate by reference paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20.   Plaintiff's national origin is Mexico.

21.   During the course of Plaintiff's employment with ALLIED, Plaintiff was subjected to employment discrimination based on his national origin.

22.   Plaintiff is informed and believes and thereon alleges that his national origin played a role in Defendants', and each of their, willingness to discriminate against him.

23.   Plaintiff's claims of employment discrimination based on national origin are supported by the allegations set forth herein.

24.   ALLIED knew or should have known about the discrimination. Plaintiff advised ALLIED of the discriminatory behavior and actions on numerous occasions, but to no avail.

25.   ALLIED's conduct as set forth herein constitutes unlawful discrimination based on Plaintiff's national origin in violation of FEHA, Government Code §§ 12940, *et seq.*

26.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incident financial losses, including without limitation, loss of employment, and loss of employment-related opportunities for growth and benefits, all in an amount according to proof at time of trial.

27.   As a result of Defendants, and each of their, discriminatory actions, Plaintiff has suffered and continues to suffer damages, including emotional and/or physical distress, in an amount according to proof at trial.

28.   The acts of Defendants, and each of them, were done with malice, fraud and oppression, and with conscious disregard for the Plaintiff's rights, and with the intent to injure Plaintiff.  Defendants', and each of their, actions entitles Plaintiff to punitive and exemplary damages in an amount sufficient to discourage such future actions of Defendants and others.

29.   Plaintiff is informed and believes, and thereupon alleges, that Defendant engaged in other actionable conduct not enumerated in this Complaint.  Plaintiff will, therefore, seek leave of Court to amend this Complaint to allege the specific acts when the same becomes known to him, or to conform to proof thereof at trial.

### III.

### SECOND CAUSE OF ACTION

### Employment Discrimination - Race

30.   Plaintiff incorporate by reference paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31.   Plaintiff's racial heritage is Mexican.

32.   During the course of Plaintiff's employment with ALLIED, Plaintiff was subjected to employment discrimination based on his race.

////

---

**Complaint for Damages**
5

33.   Plaintiff is informed and believes and thereon alleges that his race played a role in Defendants', and each of their, willingness to discriminate against him.

34.   Plaintiff's claims of employment discrimination based on race are supported by the allegations set forth herein.

35.   ALLIED knew or should have known about the discrimination. Plaintiff advised ALLIED of the discriminatory behavior and actions on numerous occasions, but to no avail.

36.   ALLIED's conduct as set forth herein constitutes unlawful discrimination based on Plaintiff's race in violation of FEHA, Government Code §§ 12940, *et seq.*

37.   As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incident financial losses, including without limitation, loss of employment, and loss of employment-related opportunities for growth and benefits, all in an amount according to proof at time of trial.

38.   As a result of Defendants, and each of their, discriminatory actions, Plaintiff has suffered and continues to suffer damages, including emotional and/or physical distress, in an amount according to proof at trial.

39.   The acts of Defendants, and each of them, were done with malice, fraud and oppression, and with conscious disregard for the Plaintiff's rights, and with the intent to injure Plaintiff. Defendants', and each of their, actions entitles Plaintiff to punitive and exemplary damages in an amount sufficient to discourage such future actions of Defendants and others.

40.   Plaintiff is informed and believes, and thereupon alleges, that Defendant engaged in other actionable conduct not enumerated in this Complaint. Plaintiff will, therefore, seek leave of Court to amend this Complaint to allege the specific acts when the same becomes known to him, or to conform to proof thereof at trial.

////

////

////

## IV.

### THIRD CAUSE OF ACTION

### Employment Discrimination - Mental Disability

41.    Plaintiff incorporate by reference paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42.    At all times herein relevant, Plaintiff was diagnosed with and under a doctor care for anxiety disorder, a mental disability.

43.    During the course of Plaintiff's employment with ALLIED, Plaintiff was subjected to employment discrimination based on his mental disability.

44.    Plaintiff is informed and believes and thereon alleges that his mental disability played a role in Defendants', and each of their, willingness to discriminate against him.

45.    Plaintiff's claims of employment discrimination based on mental disability are supported by the allegations set forth herein.

46.    ALLIED knew or should have known about the discrimination. Plaintiff advised ALLIED of the discriminatory behavior and actions on numerous occasions, but to no avail.

47.    ALLIED's conduct as set forth herein constitutes unlawful discrimination based on Plaintiff's mental disability in violation of FEHA, Government Code §§ 12940, *et seq.*

48.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incident financial losses, including without limitation, loss of employment, and loss of employment-related opportunities for growth and benefits, all in an amount according to proof at time of trial.

49.    As a result of Defendants, and each of their, discriminatory actions, Plaintiff has suffered and continues to suffer damages, including emotional and/or physical distress, in an amount according to proof at trial.

50.    The acts of Defendants, and each of them, were done with malice, fraud and oppression, and with conscious disregard for the Plaintiff's rights, and with the intent to

1   injure Plaintiff. Defendants', and each of their, actions entitles Plaintiff to punitive and

2   exemplary damages in an amount sufficient to discourage such future actions of Defendants

3   and others.

4         51.    Plaintiff is informed and believes, and thereupon alleges, that Defendant

5   engaged in other actionable conduct not enumerated in this Complaint. Plaintiff will,

6   therefore, seek leave of Court to amend this Complaint to allege the specific acts when the

7   same becomes known to him, or to conform to proof thereof at trial.

8                                          V.

9                          **FOURTH CAUSE OF ACTION**

10        **Employment Discrimination - Failure to Accommodate Disability**

11        52.    Plaintiff incorporates by reference paragraphs 1 through 51 of this Complaint

12  as though fully set forth herein.

13        53.    In or about August 1998, Plaintiff was diagnosed with and placed under a

14  doctor's care for anxiety disorder.

15        54.    Plaintiff provided ALLIED with written documentation advising of his

16  disability and his physician's order to change his work schedule from the night shift to the

17  day shift.

18        55.    At all times herein alleged, Plaintiff was qualified to perform his work duties

19  with reasonable accommodations.

20        56.    ALLIED failed to adopt available measures that were necessary to

21  accommodate Plaintiff's disability, as alleged herein.

22        57.    Plaintiff's failure to accommodate claims are supported by Defendants', and

23  each of their, conduct as alleged herein.

24        58.    As a proximate result of the wrongful acts of Defendants, and each of them,

25  Plaintiff has suffered actual, consequential and incident financial losses, including without

26  limitation, loss of employment, and loss of employment-related opportunities for growth and

27  benefits, all in an amount according to proof at time of trial.

28  ////

---

**Complaint for Damages**
8

59.    As a result of Defendants, and each of their, discriminatory actions, Plaintiff has suffered and continues to suffer damages, including emotional and/or physical distress, in an amount according to proof at trial.

60.    The acts of Defendants, and each of them, were done with malice, fraud and oppression, and with conscious disregard for the Plaintiff's rights, and with the intent to injure Plaintiff. Defendants', and each of their, actions entitles Plaintiff to punitive and exemplary damages in an amount sufficient to discourage such future actions of Defendants and others.

61.    Plaintiff is informed and believes, and thereupon alleges, that Defendant engaged in other actionable conduct not enumerated in this Complaint. Plaintiff will, therefore, seek leave of Court to amend this Complaint to allege the specific acts when the same becomes known to him, or to conform to proof thereof at trial.

## VI.

### FIFTH CAUSE OF ACTION

#### Employment Discrimination - Harassment

62.    Plaintiff incorporate by reference paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63.    During the course of Plaintiff's employment with ALLIED, Plaintiff was subjected to continual and pervasive harassment. The harassment was sufficiently pervasive as to alter the conditions of Plaintiff's employment and create an abusive working environment.

64.    ALLIED knew or should have known about the harassment. Plaintiff advised ALLIED of the abusive and harassing behavior on numerous occasions, but to no avail.

65.    ALLIED's conduct as set forth herein constitutes unlawful employment discrimination based on harassment in violation of FEHA, Government Code §§ 12940, *et seq.*

////

////

---

**Complaint for Damages**

9

66.     Plaintiff's claim of employment discrimination based on harassment is supported by the conduct of Defendants, and each of them, as described herein.

67.     As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incident financial losses, including without limitation, loss of employment, and loss of employment-related opportunities for growth and benefits, all in an amount according to proof at time of trial.

68.     As a result of Defendants, and each of their, discriminatory actions, Plaintiff has suffered and continues to suffer damages, including emotional and/or physical distress, in an amount according to proof at trial.

69.     The acts of Defendants, and each of them, were done with malice, fraud and oppression, and with conscious disregard for the Plaintiff's rights, and with the intent to injure Plaintiff. Defendants', and each of their, actions entitles Plaintiff to punitive and exemplary damages in an amount sufficient to discourage such future actions of Defendants and others.

70.     Plaintiff is informed and believes, and thereupon alleges, that Defendant engaged in other actionable conduct not enumerated in this Complaint. Plaintiff will, therefore, seek leave of Court to amend this Complaint to allege the specific acts when the same becomes known to him, or to conform to proof thereof at trial.

## VII.

### SIXTH CAUSE OF ACTION

#### Failure to Provide Rest Periods

71.     Plaintiff incorporates by reference paragraphs 1 through 70 of this Complaint as though fully set forth herein.

72.     California Labor Code § 226.7 states that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission ("IWC"). IWC Wage Order No. 4, as codified at California Code of Regulations, Title 8, § 11040, et seq., required that Defendant allow Plaintiff to have one meal periods during each work day.

73.    Defendant ALLIED did not allow or require Plaintiff to take meal periods as required by California law.

74.    Plaintiff is entitled to recover one additional hour of pay at her regular rate of compensation for each day Defendant failed to provide him with meal periods during the workday. Plaintiff is also entitled to his costs and reasonable attorney's fees, according to proof, and to interest on all due and unpaid wages at the rate of interest specified in California Civil Code § 3289(b).

VIII.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

75.    Plaintiff incorporate by reference paragraphs 1 through 74 of this Complaint as though fully set forth herein.

76.    The conduct of Defendants, and each of them, as set forth herein, was extreme and outrageous to a degree as to be outside the bounds of decency in a civilized society.

77.    The conduct of Defendants, and each of them, and was done in reckless disregard and with the intention to cause emotional distress in Plaintiff.

78.    As a result of Defendants', and each of their, extreme and outrageous conduct, Plaintiff has suffered, and continues to suffer severe emotional distress and mental anguish.

79.    The severe emotional distress and mental anguish that Plaintiff has suffered, and continues to suffer, was actually and proximately caused by Defendants', and each of their, extreme and outrageous conduct as set forth herein.

80.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incident financial losses, including without limitation, loss of employment, and loss of employment-related opportunities for growth and benefits, all in an amount according to proof at time of trial.

81.    As a result of Defendants, and each of their, discriminatory actions, Plaintiff has suffered and continues to suffer damages, including emotional and/or physical distress, in

---

**Complaint for Damages**
11

1   an amount according to proof at trial.

2        82.    The acts of Defendants, and each of them, were done with malice, fraud and

3   oppression, and with conscious disregard for the Plaintiff's rights, and with the intent to

4   injure Plaintiff. Defendants', and each of their, actions entitles Plaintiff to punitive and

5   exemplary damages in an amount sufficient to discourage such future actions of Defendants

6   and others.

7        83.    Plaintiff is informed and believes, and thereupon alleges, that Defendant

8   engaged in other actionable conduct not enumerated in this Complaint. Plaintiff will,

9   therefore, seek leave of Court to amend this Complaint to allege the specific acts when the

10  same becomes known to him, or to conform to proof thereof at trial.

11                                    **IX.**

12                      **EIGHTH CAUSE OF ACTION**

13                **Negligent Infliction of Emotional Distress**

14       84.    Plaintiff incorporate by reference paragraphs 1 through 83 of this Complaint

15  as though fully set forth herein.

16       85.    The conduct of Defendants, and each of them, as set forth herein, was extreme

17  and outrageous to a degree as to be outside the bounds of decency in a civilized society.

18       86.    The conduct of Defendants, and each of them, and was done in negligent and

19  reckless disregard of the emotional distress caused in Plaintiff.

20       87.    As a result of Defendants', and each of their, extreme and outrageous conduct,

21  Plaintiff has suffered, and continues to suffer severe emotional distress and mental anguish.

22       88.    The severe emotional distress and mental anguish that Plaintiff has suffered,

23  and continues to suffer, was actually and proximately caused by Defendants', and each of

24  their, extreme and outrageous conduct as set forth herein.

25       89.    As a proximate result of the wrongful acts of Defendants, and each of them,

26  Plaintiff has suffered actual, consequential and incident financial losses, including without

27  limitation, loss of employment, and loss of employment-related opportunities for growth and

28

---

                           **Complaint for Damages**

1    benefits, all in an amount according to proof at time of trial.

2        90.    As a result of Defendants, and each of their, discriminatory actions, Plaintiff

3    has suffered and continues to suffer damages, including emotional and/or physical distress, in

4    an amount according to proof at trial.

5        91.    The acts of Defendants, and each of them, were done with malice, fraud and

6    oppression, and with conscious disregard for the Plaintiff's rights, and with the intent to

7    injure Plaintiff. Defendants', and each of their, actions entitles Plaintiff to punitive and

8    exemplary damages in an amount sufficient to discourage such future actions of Defendants

9    and others.

10       92.    Plaintiff is informed and believes, and thereupon alleges, that Defendant

11    engaged in other actionable conduct not enumerated in this Complaint. Plaintiff will,

12    therefore, seek leave of Court to amend this Complaint to allege the specific acts when the

13    same becomes known to him, or to conform to proof thereof at trial.

14        WHEREFORE, Plaintiff respectfully requests relief and judgment against

15    Defendants, and each of them, as follows:

16    1.    For compensatory, special and general damages according to proof at trial;

17    2.    For punitive damages in an amount sufficient to discourage such future

18        wrongful acts by Defendants and others, and in the Court's discretion;

19    3.    For attorneys fees and costs, according to proof at trial; and

20    5.    For such other and further relief as the Court may deem just and proper.

21

22    May 21, 2008                    THE LAW OFFICE OF DOUGLAS E. GEYMAN

23

24

25                        By: _____
                             DOUGLAS E. GEYMAN
26                           Attorney for Plaintiff
                             MARCO ANTONIO VAZQUEZ

27

28

---

**Complaint for Damages**
13

A COPY

SEYFARTH SHAW LLP
Lorraine H. O'Hara (State Bar No. 170153)
Joshua A. Rodine (State Bar No. 237774)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
ALLIED WASTE SYSTEMS, INC. dba ALLIED WASTE SERVICES OF CHULA VISTA
(erroneously named "Allied Waste Services of Chula Vista")

FILED
SOUTH COUNTY

2008 AUG 12 PM 2: 25

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO - SOUTHERN

BY FAX

| | |
|---|---|
| MARCO ANTONIO VAZQUEZ, an individual, | Case No. 37-2008-00071315-CU-OE-SC |
| Plaintiff, | ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT |
| v. | Judge: William S. Cannon Dept./Place: S-04 |
| ALLIED WASTE SERVICES OF CHULA VISTA, a form of business entity unknown; and DOES 1 through 20, Inclusive, | Complaint Filed: June 25, 2008 Complaint Served: July 15, 2008 |
| Defendants. | |

Defendant Allied Waste Systems, Inc. dba Allied Waste Services of Chula Vista ("Defendant") answers the unverified Complaint ("Complaint") of Plaintiff Marco Antonio Vazquez ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30, Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint and without limiting the generality of the foregoing, deny generally and specifically that Plaintiff has been damaged in the manner or sums alleged, or any way at all, by reason of any acts or omissions of Defendant.

LA1 6717827.2                    ANSWER

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's Complaint and as separate and distinct affirmative defenses, Defendant alleges as follows:

### AFFIRMATIVE DEFENSE NO. 1
(Failure to State a Claim for Relief -- As to All Causes of Action)

1.      Neither the Complaint as a whole, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action or claim for relief against Defendant.

### AFFIRMATIVE DEFENSE NO. 2
(Statute of Limitations -- As to All Causes of Action)

2.      Plaintiff's claims are barred to the extent that any are brought outside the applicable limitations periods.

### AFFIRMATIVE DEFENSE NO. 3
(Estoppel -- As to All Causes of Action)

3.      Plaintiff's claims, in whole or in part, are barred by the doctrine of estoppel.

### AFFIRMATIVE DEFENSE NO. 4
(Laches -- As to All Causes of Action)

4.      Plaintiff's claims, in whole or in part, are barred by the doctrine of laches.

### AFFIRMATIVE DEFENSE NO. 5
(Waiver -- As to All Causes of Action)

5.      Plaintiff's claims, in whole or in part, are barred by the doctrine of waiver.

### AFFIRMATIVE DEFENSE NO. 6
(Unclean Hands -- As to All Causes of Action)

6.      Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

### AFFIRMATIVE DEFENSE NO. 7
(After Acquired Evidence -- As to All Causes of Action)

7.      Plaintiff's claims are barred, and/or his damages should be reduced, to the extent he engaged in any fraud which induced Defendant enter into any employment relationship with Plaintiff or engaged in any misconduct of which Defendant is unaware and which would provide independent legal cause for termination of employment.

LA1 6717827.2

2
ANSWER

**AFFIRMATIVE DEFENSE NO. 8**
(Exhaustion of Administrative Remedies - As to Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action)

8.     To the extent that Plaintiff makes allegations or claims which were not included in a timely Complaint with the Department of Fair Employment and Housing, the Court lacks jurisdiction with respect to any such allegations or claims. Cal. Gov't Code §12900, et. seq.

**AFFIRMATIVE DEFENSE NO. 9**
(Scope of Authority – As to All Causes of Action)

9.     The Complaint, and each of and every purported cause of action therein, is barred as against Defendant to the extent that the actions of Defendant's agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

**AFFIRMATIVE DEFENSE NO. 10**
(Failure to Mitigate – As to All Causes of Action)

10.     To the extent that Plaintiff suffered any damages as a result of the facts alleged in his Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.

**AFFIRMATIVE DEFENSE NO. 11**
(Workers' Compensation Preemption – As to Plaintiff's First, Second, Third, Fourth, Fifth, Seventh, and Eighth Causes of Action)

11.     This Court lacks jurisdiction over Plaintiff's claim for damages and mental and/or emotional and/or physical injuries arising out of Plaintiff's employment, in that the exclusive remedy for such claims is provided by the California Workers' Compensation Act, California Labor Code Sections 3200, et. seq.

**AFFIRMATIVE DEFENSE NO. 12**
(Punitive Damages - As to Plaintiff's First, Second, Third, Fourth, Fifth, Seventh, and Eighth Causes of Action)

12.     The Complaint, and each of the causes of action therein, fails to state facts sufficient to entitle Plaintiff to an award of punitive damages.

**AFFIRMATIVE DEFENSE NO. 13**
(Punitive Damages – As to Plaintiff's First, Second, Third, Fourth, Fifth, Seventh, and Eighth Causes of Action)

13.    Plaintiff may not recover punitive damages against Defendant for purportedly wrongful actions by its employees or agents to the extent that those decisions were contrary to Defendant's policies that were instituted in good faith.

**AFFIRMATIVE DEFENSE NO. 14**
(Prompt Remedial Action – As to Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action)

14.    To the extent that Plaintiff complained of any unlawful conduct, prompt remedial action was taken.

**AFFIRMATIVE DEFENSE NO. 15**
(Failure to Take Advantage of Preventive/Corrective Opportunities –
As to Plaintiff's First, Second, Third, and Fifth Causes of Action)

15.    Defendants exercised reasonable care to prevent and correct any unlawfully harassing, discriminatory, and/or retaliatory workplace conduct allegedly experienced by Plaintiff; Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise, and thus Plaintiff's claims are barred, or Plaintiffs' damages must be reduced accordingly.

**AFFIRMATIVE DEFENSE NO. 16**
(Reasonable Accommodation – As to Plaintiff's Fourth Cause of Action)

16.    Plaintiff's claims are barred because his former employer was not legally required to provide reasonable accommodation to Plaintiff and, to the extent that it was so legally required, it fulfilled its obligations.

**AFFIRMATIVE DEFENSE NO. 17**
(Undue Hardship – As to Plaintiff's Fourth Cause of Action)

17.    Providing Plaintiff a reasonable accommodation that would enable him to perform the essential functions of his position would place an undue hardship upon Defendant.

**AFFIRMATIVE DEFENSE NO. 18**
(Preemption by Labor Management Relations Act – As to All Causes of Action)

18.    To the extent Plaintiff's claims arise under a contract of employment, such would be at all times a contract between an employer and a labor organization subject to the Labor

LA1 6717827.2

4

ANSWER

1   Management Relations Act of 1947 (29 U.S.C. § 141 *et seq.*), which preemptively governs any

2   and all of Plaintiff's purported claims under the agreement, and bars the claims asserted in his

3   Complaint.

### AFFIRMATIVE DEFENSE NO. 19
(Failure to Exhaust Union Remedies – As to All Causes of Action)

4

5   19.    Plaintiff's claims are barred in that Plaintiff failed to exhaust the remedies

6   (grievance and arbitration) as provided by the collective bargaining agreement between

7   Defendant and the labor organization that represents the collective bargaining unit of which

8   Plaintiff is a member.

9

### PRAYER

10   WHEREFORE, Defendant prays for judgment as follows:

11   1.    That Plaintiff take nothing by his Complaint;

12   2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes

13   of action;

14   3.    That Defendant be awarded reasonable attorney's fees according to proof;

15   4.    That Defendant be awarded the costs of suit incurred herein; and

16   5.    That Defendant be awarded such other and further relief as the Court may deem

17   appropriate.

18   DATED: August 12, 2008                              SEYFARTH SHAW LLP

19

20

21   By _____
                Joshua A. Rodine
22   Attorneys for Defendant
     ALLIED WASTE SYSTEMS, INC. dba
23   ALLIED WASTE SERVICES OF CHULA
     VISTA (erroneously named "Allied Waste
24   Services of Chula Vista")

25

26

27

28

LA1 9717827.2

# PROOF OF SERVICE

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| | ) ss |
| COUNTY OF LOS ANGELES | ) |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On August 12, 2008, I served the within documents: Answer to Plaintiff's Unverified Complaint

☐ I sent such document from facsimile machine (310) 201-5219 on August 12, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Douglas E. Geyman, Esq.
Law Office of Douglas E. Geyman
750 B Street, Suite 2635
San Diego, California 92101
Tel: (619) 232-3533
Fax: (619) 232-3593

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

LA1 6718591.1

1

2          I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

3          Executed on August 12, 2008, at Los Angeles, California.

4

5                                         Jodi Snyder

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                            )   ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On August 13, 2008, I served the within documents: Notice of Removal

☐ I sent such document from facsimile machine (310) 201-5219 on August 12, 2008. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Douglas E. Geyman, Esq.
Law Office of Douglas E. Geyman
750 B Street, Suite 2635
San Diego, California 92101
Tel: (619) 232-3533
Fax: (619) 232-3593

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

LA1 6718591.1

1

     I declare that I am employed in the office of a member of the bar of this court whose

2  direction the service was made.

3     Executed on August 13, 2008, at Los Angeles, California.

4

5                                 Jodi Snyder

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA1 6718591.1

ORIGINAL BY FAX

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Marco Antonio Vazquez

**DEFENDANTS**
2008 AUG 13 AM 11:42

Allied Waste Systems, Inc. dba Allied Waste Services of Chula Vista CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

(b) County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

(IN U.S. PLAINTIFF CASES ONLY)
DEPUTY
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Douglas E. Geyman, Law Offices of Douglas E. Geyman
750 B. St, Suite 2635, San Diego, CA 92101, Tel: (619) 232-3533

Attorneys (If Known)
Lorraine H. O'Hara, Joshua A. Rodine, Seyfarth Shaw LLP
2029 Century Pk E, #3300, L.A. CA 90067 Tel: (310) 277-7200

08 CV 1473 WQH AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | SOCIAL SECURITY | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1331 and 1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ____   DOCKET NUMBER ____

DATE  8.13.08

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 153973   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

GAC 8/13/08

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA        )
                              )  ss
3   COUNTY OF LOS ANGELES      )

4        I am a resident of the State of California, over the age of eighteen years, and not a party
    to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite
5   3300, Los Angeles, California 90067-3063. On August 13, 2008, I served the within documents:
        Civil Cover Sheet
6

7   ☐   I sent such document from facsimile machine (310) 201-5219 on August 12, 2008. I
        certify that said transmission was completed and that all pages were received and that
8       a report was generated by facsimile machine (310) 201-5219 which confirms said
        transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
        action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
9       parties listed below.

10  ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
        fully prepaid, in the United States mail at Los Angeles, California addressed as set
11      forth below.

12  ☐   by personally delivering the document(s) listed above to the person(s) at the
        address(es) set forth below.
13

14  ☐   by placing the document(s) listed above, together with an unsigned copy of this
        declaration, in a sealed Federal Express envelope with postage paid on account and
15      deposited with Federal Express at Los Angeles, California, addressed as set forth
        below.
16

17  ☐   by placing the document(s) listed above, together with an unsigned copy of this
        declaration, in a sealed Overnite Express envelope with postage paid on account and
        deposited with Overnite Express at Los Angeles, California, addressed as set forth
18      below.

19  ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses
        set forth below.
20

21  ☐   electronically by using the Court's ECF/CM System.

22

23      Douglas E. Geyman, Esq.
        Law Office of Douglas E. Geyman
24      750 B Street, Suite 2635
        San Diego, California 92101
25      Tel: (619) 232-3533
        Fax: (619) 232-3593

26      I am readily familiar with the firm's practice of collection and processing correspondence
    for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
27  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
    motion of the party served, service is presumed invalid if postal cancellation date or postage
28  meter date is more than on day after the date of deposit for mailing in affidavit.

LA1 6718591.1

1
2        I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.
3        Executed on August 13, 2008, at Los Angeles, California.
4
5                          Jodi Snyder
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAI 6718591.1

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153973    — TC**

**August 13, 2008
11:43:12**

**Civ Fil Non-Pris**
USAO #.: 08CV1473
Judge..: WILLIAM Q HAYES
Amount.:              $350.00 CK
Check#.: BC23523

**Total—>  $350.00**

FROM: MARCO ANTONIO VAZQUEZ
          VS
      ALLIED WASTE SYSTEMS